**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

EDWARD ZIMBELMAN,

        Plaintiff,

vs.

JOHN HILL, *et al.*,

        Defendants.

2:13–cv–2143–APG–VCF

**<u>ORDER</u>**

Before the court are Plaintiff Edward Zimbelman's Motion/Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-1).

## *IN FORMA PAUPERIS* APPLICATION

Plaintiff Edward Zimbelman asserts in his application to proceed *in forma pauperis* that he is unemployed and receives $754.00 in monthly social security benefits. (#1). Plaintiff also asserts that he has $200.00 in a savings account and that he incurs approximately $450.00 in monthly living expenses. (*Id*.) Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

## LEGAL STANDARD

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1] Parenthetical citations refer to the court's docket.

1

§ 1915(e)(2)(i)–(iii). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Rule 8(a)(2) pleading standard does not require detailed factual allegations. *Id*. at 678. However, to state "a plausible claim for relief," a complaint must contain both sufficient factual allegations (*i.e.*, names, dates, and facts) and legal conclusions (*i.e.*, specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Iqbal*, 556 U.S. 662, 678–79. In other words, a complaint that merely offers "labels and conclusions" will be dismissed. *Id*.

Zimbelman's complaint satisfies Rule 8's standard. Zimbelman brings this action seeking declaratory and injunctive relief in order to prevent John Hill and the Southern Nevada Regional Housing Authority from unlawfully terminating his participation and residency in a federal housing

2

program. Under 42 U.S.C. § 1437(d)(1)(4), a public housing authority, like the Southern Nevada Regional Housing Authority, may only terminate a participant's assistance for "serious or repeated violations of the lease, being over the income limit for the program, or other good cause." Under the statute, good cause is limited to: (1) criminal activity or alcohol abuse; (2) discovery after admission of facts that made the tenant ineligible; (3) discovery of material false statements or fraud by the tenant in connection with an application for assistance or with reexamination of income; (4) failure of a family member to comply with service requirement provisions; and (5) failure to accept the housing authority's lease revision to an existing lease. *See* 24 C.F.R. § 966.4(l)(2)(iii)(a), (b).

In April 2013, the Southern Nevada Regional Housing Authority terminated Zimbelman's lease, asserting that he cannot receive housing because he is a Lifetime Registered Sex Offender. (*See* Compl. (#1) at 6:26–28). Zimbelman alleges that he disclosed this fact in his initial application and that he is not currently engaged in any criminal or other activity that would violation his lease or the regulations under 42 U.S.C. § 1437. (*Id*.) Zimbelman, therefore, seeks declaratory and injunctive relief, arguing that the housing authority's termination was unlawful and violated his rights under the Public Housing program, 42 U.S.C. § 1437, the Fourteenth Amendment, and the procedural regulations under 42 U.S.C. § 1437.

Accepting the allegations in Zimbelman's complaint as true, and construing them in the light most favorable to him, *see Russell*, 621 F.2d at 1039, the court finds that Zimbelman's claims are facially "plausible." *See Iqbal*, 556 U.S. at 679 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

3

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint, issue summons to the Defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, plaintiff will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

IT IS SO ORDERED.

DATED this 20th day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE